IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 97-CR-30089-SMY-16 |
| ALFRED LEONARD WILLIAMS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On July 6, 1999, after a trial by jury, Defendant Alfred Leonard Williams was sentenced to life imprisonment on Count 1 of the indictment -- conspiracy to distribute more than five kilograms of cocaine and more than fifty kilograms of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Doc. 548). This represented the statutory mandatory minimum sentence applicable in light of Defendant's two prior convictions which rendered him a career offender. 21 U.S.C. § 841(b)(1)(A). Defendant has unsuccessfully challenged his conviction and sentence through a direct appeal (Doc. 552, 651), a motion pursuant to 28 U.S.C. § 2255 (02-cv-1152-WDS), and a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582 (Docs. 837 and 890).

On January 18, 2017, President Barack Obama granted clemency and Defendant's sentence was reduced to a term of 360 months (Doc. 977). Now before the Court is Defendant's *pro se* Motion for Reduction of Sentence Pursuant to Retroactive Amendment 782 (Doc. 981) and Motion to Withdraw as Attorney filed by Attorney Todd Shultz who entered an appearance pursuant to SDIL Administrative Order 167 (Doc. 983).

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table set forth in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses. Amendment 782, however, only reduces the sentencing range of defendants who were sentenced under U.S.S.G. § 2D1.1 based on relevant conduct amounts.

Defendant was not sentenced under U.S.S.G. § 2D1.1; he was sentenced pursuant to the *statutory* mandatory minimum. *Neal v. United States*, 516 U.S. 284 (1996) (holding that a change in the guidelines does not entitle the court to disregard a statutory minimum sentence). As such, Amendment 782 has no impact on his sentence. *See United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009) (*overruled on other grounds by United States v. Tyler*, 778 F.3d 667 (7th Cir. 2015)).

Accordingly, Defendant's *pro se* Motion for Reduction of Sentence Pursuant to Retroactive Amendment 762 (Doc. 981) is **DENIED** and the Motion to Withdraw as Attorney filed by Attorney Todd Shultz (Doc. 983) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: March 14, 2019**

                                              s/ Staci M. Yandle
                                              **STACI M. YANDLE**
                                              **United States District Judge**